# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

ALBERT PINEY, ROMAN DIAZ, JOSE MARTINEZ, FREDDY SUAZO, DESMOND GRANT, M. MOSTAYEN FAYSAL, SOPHIA DALY, CHARLIE RUIZ-REYES, JAMES DIVINO, MICHAEL KMIOTEK, DEVON DAWKINS, ALEXIS YANEZ, JULIO ROSA, JAYNEL PANTOJA, CLAUDIO DIAZ, DOMINIQUE EVEILLARD, SUDAN OSORIO, RANDY CHOW, and JORGE ZORRILLA, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, TARGET CORPORATION, MSG ENTERTAINMENT HOLDINGS, LLC, THE NEW YORK YANKEES, LP, NYU LANGONE HOSPITALS, MOUNT SINAI HEALTH SYSTEM, INC., THE NEW YORK TIMES COMPANY, B.J.'S WHOLESALE CLUB HOLDINGS INC., RXR REALTY LLC, TISHMAN SPEYER ASSOCIATES LIMITED PARTNERSHIP D/B/A 509 W 34, LLC, ROCKEFELLER GROUP INTERNATIONAL, INC., RCPI LANDMARK PROPERTIES, L.L.C., BUENA VISTA THEATRICAL GROUP LTD. D/B/A DISNEY THEATRICAL GROUP, BXP, INC. F/K/A BOSTON PROPERTIES, INC., KERING AMERICAS, INC., APPLE INC., CONGREGATION RODEPH SHOLOM, 34TH STREET PARTNERSHIP, INC., BANK OF AMERICA CORPORATION, THE TJX COMPANIES, INC., D/B/A MARSHALLS AND D/B/A TJ MAXX, THE GENTING GROUP D/B/A RESORTS WORLD CASINO, PRIMARK US CORP., ROYAL REALTY LLC, NEWYORK-PRESBYTERIAN HEALTHCARE SYSTEM IPA, LLC, 99C LLC D/B/A 180 MAIDEN, ALDI, INC., BARCLAYS BANK PLC, WEGMANS FOOD MARKETS, INC., NEUE GALERIE NEW YORK, V&R PAYROLL FACTORS, INC., WAKEFERN FOOD CORP., D/B/A SHOPRITE SUPERMARKETS, INC., THE BANK OF NEW YORK MELLON CORPORATION, THE ANIMAL MEDICAL CENTER, INC. A/K/A SCHWARZMAN ANIMAL MEDICAL CENTER, QUEENS YESHIVA KETENA, INC., PARKER JEWISH INSTITUTE FOR HEALTHCARE AND REHABILITATION, YOUNG ISRAEL OF QUEENS VALLEY, YESHIVA DARCHEI INC., TORAH CENTER OF

No.: 1:25-cv-00671-DEH-SLC

HILLCREST INC., BURLINGTON STORES, INC., DISNEY ENTERTAINMENT LLC D/B/A AMERICAN BROADCASTING COMPANY, SEPHARDIC LEBANESE CONGREGATION INC., ROCHDALE VILLAGE ASSOCIATION, INC., NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED, MAINTAINING THE HOSPITAL FOR SPECIAL SURGERY D/B/A HOSPITAL FOR SPECIAL SURGERY, VORNADO REALTY TRUST A/K/A PENN DISTRICT, JPMORGAN CHASE & CO., UBS FINANCIAL SERVICES, INC., QUEENS BALLPARK COMPANY LLC, TAINO TOWERS APARTMENTS LLC, MIR HANSON ASSOCIATES, LLC, NEW YORK UNIVERSITY, SBH HEALTH SYSTEM D/B/A ST. BARNABAS HOSPITAL, MANHATTAN BEER DISTRIBUTORS LLC, MONTEFIORE MEDICAL CENTER, NORTHWELL HEALTH INC., RBG MANAGEMENT CORP. D/B/A MORTON WILLIAMS SUPERMARKET, GFP REAL ESTATE LLC, ROSCO INC., SL GREEN REALTY CORP., GRAND CENTRAL PARTNERSHIP, INC., BLOOMINGDALE'S LLC, FLUSHING-FRESH MEADOWS JEWISH CENTER INC., THE GOLDMAN SACHS GROUP, INC., PARK AVENUE SYNAGOGUE, BNOS BAIS YAAKOV HIGH SCHOOL OF LAKEWOOD, CHELSEA PIERS L.P., CONGREGATION BETH-EL SEPHARDIC CENTER FOR JAMAICA ESTATES, YESHIVA UNIVERSITY, EMPIRE FORCE INCORPORATED, FEDEX CORPORATION, AVENUES: THE WORLD SCHOOL, THE MUSEUM OF MODERN ART, BRYANT PARK CORPORATION, BROOKLYN MUSEUM, EDMOND J. SAFRA SYNAGOGUE, BEST BUY CO. INC., CENTURY 21 USA, LLC, BROOKDALE HOSPITAL MEDICAL CENTER, TIMES SQUARE CHURCH, INC., ASPHALT GREEN, INC., LEPOZZI INC D/B/A LAUREN B. JEWELRY, THE NEW YORK BOTANICAL GARDEN, THE BROOKLYN HOSPITAL CENTER, NBCUNIVERSAL MEDIA, LLC, SAM ASH MUSIC CORPORATION, and DOES NOS. 1-100,

Defendants.

[captions continue on following page]

**MEMORANDUM OF LAW IN SUPPORT OF *PINEY* PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL**

| | |
|---|---|
| MOHAMED MONASAR, GABRIELLE WALLS, GABRIEL ABREU, JESUS HERNANDEZ TORRES, LUIS MARTINEZ, BRANDON ROMAN, and OSAMA ALI, *on behalf of themselves and others similarly situated*, | No.: 1:25-cv-01337-LJL |
| Plaintiffs, | |
| -against- | |
| THE CITY OF NEW YORK, TARGET CORPORATION, THE NEW YORK TIMES COMPANY, BURLINGTON COAT FACTORY WAREHOUSE CORP., BJs WHOLESALE CLUB INC., SAM ASH MUSIC CORPORATION, THE TJX COMPANIES D/B/A MARSHALLS, 180 MAIDEN LANE, LLC, SHOP-RITE SUPERMARKETS, INC., and BARCLAYS BANK PLC AKA BARCLAS BANK DELAWARE and BNOS BAIS YAAKOV OF FAR ROCKAWAY, | |
| Defendants. | |
| SCOTT DEFALCO, JOHN AMBRONSINO, FELICIA WHITELY, AND ANDERSON THIMOTE, *on* behalf of himself and others similarly situated, | No.: 1:25-cv-01339-KPF |
| Plaintiff, | |
| -against- | |
| THE CITY OF NEW YORK, PRIMARK CORPORATION, PRIMARK US CORP ZARA USA, INC., ROCKEFELLER CENTER, INC., and BRYANT PARK CORPORATION, | |
| Defendants. | |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT .................................................................................................................. 5

I.      THE COURT SHOULD CONSERVE JUDICIAL AND CLASS RESOURCES
        AND CONSOLIDATE THE PENDING ACTIONS ........................................... 5

        A.      Legal Standard ..................................................................................... 5

        B.      The Standard for Consolidation is Satisfied Here.................................. 6

II.     *PINEY* COUNSEL SHOULD BE APPOINTED INTERIM CLASS COUNSEL FOR
        PLAINTIFFS .................................................................................................... 9

        A.      Legal Standard ................................................................................... 10

        B.      *Piney* Counsel Has Undertaken All of the Work in Identifying and
                Investigating the Claims of these Actions ........................................... 11

        C.      *Piney* Counsel Has Substantial Experience Handling FLSA & NYLL Class
                and Collective Action Cases and Specifically Litigated Exact Claims Alleged
                in these Actions.................................................................................. 14

        D.      *Piney* Counsel Have Expert Knowledge of Applicable Law................. 17

        E.      *Piney* Counsel Have Committed and Will Continue to Commit Considerable
                Resources to Represent the Officers and the Class............................... 18

CONCLUSION............................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Bank of Montreal v. Eagle Assocs.*,
   117 F.R.D. 530 (S.D.N.Y.1987) ............................................................................6

*Buonasera v. Honest Co., Inc.*,
   318 F.R.D. 17 (S.D.N.Y 2016) ...........................................................................10

*Capp v. New York State Dep't of Transp.*,
   Nos. 10-cv-679, 10-cv-681, 10-cv-682,
   2010 U.S. Dist. LEXIS 66068 (E.D.N.Y. June 22, 2010) ...................................6, 8

*In re Comverse Tech., Inc. Deriv. Litig.*,
   No. 06-CV-1849, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006) ..........................10

*Deangelis v Corzine*,
   286 F.R.D. 220 (S.D.N.Y. 2012) .........................................................................10

*Delre v. Perry*,
   288 F.R.D. 241 (E.D.N.Y. 2012) .........................................................................10

*Haft v. Gen. Elec. Co.*,
   No. 1:21-cv-00506-GHW, 2022 WL 1620305 (S.D.N.Y. May 23, 2022) ...............6

*Hoffman v. Ighodaro*,
   No. 16 Civ. 0155 (LAK) (JCF), 2016 WL 5812666 (S.D.N.Y. Sept. 28, 2016) ......8

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ....................6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).............................................................................6, 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................8

*Naula v. Rite Aid of N.Y.*,
   No. 08 Civ. 11364(PGG), 2010 WL 2399364 (S.D.N.Y. Mar. 23, 2010) ...............8

*Pierre v. City of New York, et al.*,
   No. 20-cv-05116-ALC, ECF Nos. 499, 516 (S.D.N.Y. Oct. 15, 2024).............2, 12, 13, 14, 17

*Pinkowitz v. Elan Corp.*,
   No. 02 Civ. 862, 2002 WL 1822118 (S.D.N.Y. July 29, 2002) ..............................8

*Potzner v. Tommie Copper Inc.*,
    No. 15 CIV. 3183 (AT), 2016 WL 304746 (S.D.N.Y. Jan. 4, 2016) (Torres, J.) .............14, 18

*Ruderman v. Law Office of Yuriy Prakhin, et al.*,
    19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y. Feb. 24, 2023) .............................................15

*Schucker v. Flowers Foods, Inc.*,
    No. 16-CV-3439 (KMK), 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017)................................8

**Other Authorities**

Fed. R. Civ P. 23(g) ..................................................................................................11, 14, 17, 18

Fed. R. Civ. P. 42(a) ...............................................................................................................5

*Governance and Legitimacy in the Law of Class Actions*,
    1999 Sup. Ct. Rev. 337 (1999) ..........................................................................................10

*Manual for Complex Litigation* § 10.224 ......................................................................14, 17, 18

N.Y.C. Admin. Code § 20-927 ...............................................................................................4

NYLL § 651(m) ......................................................................................................................4

## PRELIMINARY STATEMENT

Plaintiffs Albert Piney, Roman Diaz, Jose Martinez, Freddy Suazo, Desmond Grant, M. Mostayen Faysal, Sophia Daly, Charlie Ruiz-Reyes, James Divino, Michael Kmiotek, Devon Dawkins, Alexis Yanez, Julio Rosa, Jaynel Pantoja, Claudio Diaz, Dominique Eveillard, Sudan Osorio, Randy Chow, and Jorge Zorrilla, on behalf of themselves and over 1375 additional plaintiffs ("*Piney* Plaintiffs") who have opted into this action ("*Piney* Action"), respectfully submit this memorandum of law in support of their motion to: (1) consolidate the *Piney* Action with *Monasar, et al. v. City of New York, et al.*, No. 1:25-cv-01337-LJL (S.D.N.Y.) ("*Monasar* Action"), and *DeFalco, et al., v. City of New York, et al.*, No. 1:25-cv-01339-KPF (S.D.N.Y.) ("*DeFalco* Action") (collectively with the *Piney* Action, "the Actions") pursuant to Fed. R. Civ. P. 42(a) and designate the Second Amended Complaint in the *Piney* Action (ECF No. 91) as the operative Complaint for the consolidated action; and (2) appoint Faruqi & Faruqi, LLP ("*Piney* Counsel") as Interim Class Counsel for the consolidated action pursuant to Fed. R. Civ P. 23(g). The NYPD[1] Defendants **consent** to *Piney* Plaintiffs' Consolidation requests.

## STATEMENT OF FACTS

On July 3, 2020, *Piney* Counsel commenced litigation styled *Pierre v. City of New York, et al.*, No. 20-cv-05116-ALC-VF (S.D.N.Y.) (the "*Pierre* Action"), Declaration of Innessa M. Huot ("Huot Decl."), Exhibits ("Exs.") B, C. (*Pierre* Complaint and Amended Complaint). In the *Pierre* Action, *Piney* Counsel brought claims on behalf of a collective of approximately 1,500 opt-in Plaintiffs as well as a class of approximately 6,000 police officers, detectives, sergeants, and lieutenants ("Officers") who performed work under the NYPD's Paid Detail Program ("PDP"). The NYPD created the PDP to allow Officers to perform off-duty uniformed security work for

---

[1] Defendants the City of New York and the New York City Police Department are together referred to as "NYPD".

private businesses within New York City. The PDP allows corporations, event planners, or interested organizations (referred to as "Vendors") to employ Officers part-time to provide uniformed security work. The *Pierre* Action alleges *inter alia*, as do the instant Actions, that the NYPD and the Vendors who participated in the PDP acted as joint employers and engaged in a common policy and practice of violating the FLSA and NYLL by denying Officers timely payment of wages for work performed on PDP shifts, and sometimes failing to tender payment at all. *Id.*

The *Pierre* Action has resulted in significant settlements against the majority of Defendants therein, several of which have already been approved by the Court. *Id.*; *see*, *e.g. Pierre v. City of New York, et al.* (B&H Foto), No. 20-cv-05116-ALC, ECF No. 516 (S.D.N.Y. Nov. 15, 2024) ($650,000 class and collective action settlement of FLSA and NYLL claims against NYPD and B&H Foto for claims identical to those being raised in the current *Piney* case); *Pierre v. City of New York, et al.* (TD Bank), No. 20-cv-05116-ALC, ECF No. 499 (S.D.N.Y. Oct. 15, 2024) ($8,930,186.41 class and collective action settlement of FLSA and NYLL claims against NYPD and TD Bank for claims identical to those being raised in the current *Piney* case).

The *Pierre* Action has been vigorously litigated through discovery, necessitating motion practice, dozens of depositions, voluminous document exchange, extensive briefing, multiple court conferences, and multiple mediation sessions. Huot Decl. ¶ 10. To this day, *Piney* Counsel continue to vigorously litigate these identical class and collective claims in the *Pierre* Action against the remaining Defendants, most of whom are represented by the same attorneys who currently represent certain Defendants in the *Piney* Action.[2] *Id.* ¶ 11.

---

[2] Indeed, almost every lawyer/law firm who represented (or continues to represent) any Defendant in the *Pierre* Action have now appeared in the *Piney* Action as counsel for various (and even multiple) Defendants. As such, *Piney* Counsel already have years of experience working with these same attorneys litigating identical claims. *Id.* ¶ 11.

After being made ***explicitly aware*** of the impending filing of the *Piney* Action, on January 16th and 17th, 2025, respectively, Counsel in the *Monasar* and *DeFalco* Actions (referred to as "*Monasar/DeFalco*'s Counsel") blatantly copied, ***verbatim***, entire sections of the *Pierre* Complaint and filed the *Monasar* and *DeFalco* Actions in New York State Supreme Court to co-opt the rights of the Officer class and hijack the litigation. *Id.* ¶¶ 13-14. Indeed, a side-by-side comparison of the *Monasar* and *Pierre* complaints clearly shows the shameless plagiarism of *Piney* Counsel's work product in the attempt to feign competence sufficient to represent the class of Officers – most of whom are already *Piney* Counsel's existing clients. Ex. A (side-by-side comparison of the relevant portions of the *Monasar* and *Pierre* complaints).

In their haste to duplicate the *Pierre* Action, *Monasar/DeFalco*'s Counsel did not even bother updating outdated factual allegations, such as the hourly rates paid to Officers for their PDP shifts. Ex. A at 10-11 (citing hourly rates that were in effect in 2020 when the *Pierre* Action commenced, rather than current rates). This is all the more disturbing as these basic factual inaccuracies would likely be readily caught had *Monasar/DeFalco*'s Counsel simply reviewed their pleadings with their clients instead of recklessly copying the *Pierre* Complaint. *Monasar/DeFalco*'s Counsel did not even bother proofreading their work – instead blindly copying the *Pierre* Complaint, including all the same typographical and spelling errors. i.e., Ex. A at 15-16 (¶¶ 129, 132) (copying typos from *Pierre*, such as misspelling the word "versus" as "verses").[3] *Monasar/DeFalco's* Counsel's sloppiness is evident throughout the dockets of both

---

[3] Notably, the *Monasar* and *DeFalco* Actions are shot through with numerous other basic errors that show a lack of care even after amendment. The amended complaints in the *Monasar* and *DeFalco* Actions repeatedly misnumber paragraphs, rendering the pleadings deficient for any purposes where the documents will be referenced (four paragraphs numbered "3," as well as the sequence of paragraphs following the paragraph number "3" in the *Monasar* Amended Complaint; six paragraphs numbered "3," as well as the sequence of paragraphs following the paragraph

the *Monasar* and *DeFalco* Actions, as they carelessly file documents upside down and even recklessly forget to remove or redact client documents containing attorney-client privileged communications. E.g., *Monasar, et al. v. City of New York, et al.*, No. 150717/2025, NYSCEF No. 32 (N.Y. Sup. Ct., N.Y. Cnty.).

 *Monasar/DeFalco*'s Counsel's inexperience is further displayed by the errors they made during their hasty copy/paste operation which render their pleadings defective and subject to meritorious motions to dismiss. As an example, in the *Monasar* Action, Counsel accidently copied over the words "all Defendants" instead of "Vendor Defendants" for their FIFA cause of action, thereby rendering these claims defective. *See* N.Y.C. Admin. Code § 20-927 (explicitly exempting the City and "any office, department, agency or other body of the city" from coverage under the statute). As another example, counsel unwittingly doomed their pleadings in the *DeFalco* Action by again carelessly copying over the wrong words and thereby accidently asserting NYLL claims (Counts One through Five) against the City of New York – which are expressly prohibited under relevant law. *See* NYLL § 651(m) (excluding individuals "employed or permitted to work . . . by a federal, state or municipal government or political subdivision thereof."). Clearly aware of the numerous deficiencies in the *Monasar* and *DeFalco* Actions, multiple Defendants have already filed letters with the Court stating their intention to file motions to dismiss. *See*, *e.g.*, *Monasar* Action*, at Docket Nos. 18, 20. No such letters were filed by any Defendant in the *Piney* Action.

 The *Piney* Action was filed in this Court on January 23, 2025. Response from the putative class and collective members has been robust. To date, ***over 1,375 Officers*** have filed consent to join forms to affirmatively opt into the *Piney* Action, as opposed to only the 96 Officers who have

---

number "3" in the *DeFalco* Second Amended Complaint). Further, the *DeFalco* Second Amended Complaint was filed without any page numbers.

consented to join the *Monasar* and *DeFalco* Actions (altogether). Huot Decl. ¶ 18.

Additionally, 43 Officers (including three of their named plaintiffs) have specifically withdrawn the consent to join forms they previously submitted in the *Monasar* and *DeFalco* Actions in order to join the *Piney* Action. *Id.* ¶ 19. Each of the 43 Officers submitted detailed declarations expressing their reasons for withdrawing from the *Monasar* and *DeFalco* Actions. Ex. D (Declarations from 43 Officers). Many of these Officers expressed how they only joined the *Monasar* and/or *DeFalco* Actions because they were given the impression that those lawsuits were being handled by *Piney* Counsel or that *Monasar/DeFalco*'s Counsel were somehow affiliated with *Piney* Counsel's law firm. *Id.* Twice now *Monasar/DeFalco*'s Counsel have been served with notices of the withdrawal of these Officers. ECF Nos. 81, 111. Yet *Monasar/DeFalco*'s Counsel continue to ignore explicit requests to formally withdraw the consent to join forms filed on behalf of these Officers in both cases. Huot Decl. ¶ 22; *Monasar* and *DeFalco* Actions, generally.

In the interest of avoiding delay, inefficiency, and harm to the class, *Piney* Plaintiffs now move the Court to consolidate the Actions pursuant to Fed. R. Civ. P. 42(a) and appoint *Piney* Counsel as Interim Class Counsel for the consolidated action pursuant to Fed. R. Civ P. 23(g).

## ARGUMENT

### I.   THE COURT SHOULD CONSERVE JUDICIAL AND CLASS RESOURCES AND CONSOLIDATE THE PENDING ACTIONS

#### A.   Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure prescribes that when actions involve "a common question of law or fact," the Court may "consolidate the actions," and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consolidation is 'a valuable and important tool of judicial administration,' that should be 'invoked to expedite trial and eliminate

unnecessary repetition and confusion.'" *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016); *see also Haft v. Gen. Elec. Co.*, No. 1:21-cv-00506-GHW, 2022 WL 1620305, at *1 (S.D.N.Y. May 23, 2022).

In determining whether consolidation is appropriate, the court must consider the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)). "One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results." *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y.1987).

Consolidation under Rule 42(a) does not require the actions be identical. *Hom*, 2016 WL 880201, at *2. Moreover, "[c]onsolidation is appropriate in order to serve the interests of judicial economy." *Capp v. New York State Dep't of Transp.*, Nos. 10-cv-679, 10-cv-681, 10-cv-682, 2010 U.S. Dist. LEXIS 66068, at *3 (E.D.N.Y. June 22, 2010); *see Johnson*, 899 F.2d at 1285 ("In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."). "Specifically, consolidation of cases with common questions of law or fact is favored to avoid unnecessary costs or delay, and to expedite trial and eliminate unnecessary repetition and confusion." *Capp*, 2010 U.S. Dist. LEXIS 66068, at *3 (citing *Johnson*, 899 F.2d at 1284).

B.    <u>**The Standard for Consolidation is Satisfied Here**</u>

Here, all factors weigh in favor of consolidation. Moreover, the NYPD ***<u>consents</u>*** to *Piney*

Plaintiffs' consolidation requests. Huot Decl. ¶ 3.

The Actions involve substantially overlapping Defendants, factual allegations, and causes of action, all of which relate to the administration of the PDP. All three Actions are brought by NYPD Officers against identical municipal entities (the City of New York and the NYPD) and overlapping Vendor Defendants to remedy Defendants' pattern and practice of paying Officers late or not at all. Huot Decl. ¶ 23. All three Actions further seek designation as a collective action on behalf of Plaintiffs and all similarly situated employees and contain Rule 23 class claims for violations of federal and state wage and hour statutes. *Id.*

Here, the fact patterns and applicable law in the Actions are substantially the same and will require similar and overlapping fact and expert testimony and evidence. Thus, considerations of judicial efficiency strongly favor consolidation of the Actions, because they involve essentially the same legal theories, questions of law and fact, many of the same Defendants, and will require much of the same evidence. Should separate actions continue to persist, the multiplicity of litigation of identical issues would lead to wasteful expenditure of judicial resources. Indeed, many of the core legal determinations that the Court will have to make will be essentially the same with respect to, for example, the suitability of the Actions for class and collective action certification under the FLSA and NYLL. The Court's exercise of discretion to consolidate the Actions is particularly appropriate to reduce unnecessary costs and delay, as the same discovery will need to be provided in all Actions.

Further, based upon the existence of many common factual and legal issues, and the overlapping nature of the evidence expected to be presented at trial, the risk of inconsistent verdicts here is significant, which further favors consolidation. Where the individual plaintiffs expect to rely on the same factual and expert evidence to establish their claims, they should not

be required to try their claims in separate trials and risk being subject to inconsistent verdicts. Moreover, continuation of multiple separate, yet virtually identical, actions will undoubtedly lead to confusion and inefficiency. *See*, *e.g.*, *Naula v. Rite Aid of N.Y.*, No. 08 Civ. 11364(PGG), 2010 WL 2399364, at *5 (S.D.N.Y. Mar. 23, 2010) ("[c]onsolidation ... [will] avoid[ ] duplication of judicial effort and vexatious litigation in multiple forums, achiev[e] comprehensive disposition of this litigation, and eliminat[e] the risk of inconsistent judgments"); *Hoffman v. Ighodaro*, No. 16 Civ. 0155 (LAK) (JCF), 2016 WL 5812666, at *1 (S.D.N.Y. Sept. 28, 2016) (consolidation will "eliminate unnecessary repetition and reduce costs for all parties; additionally, it will avoid the possibility of inconsistent rulings") (internal citations omitted); *Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *6 (S.D.N.Y. Aug. 24, 2017) (denying motion for conditional certification of second action because "no purpose would be served by allowing the FLSA claims to proceed as a collective action considering the concurrent cases and the attendant increased expense for Defendants, the risk of confusing potential collective members about their legal options, the possibility of inconsistent rulings, and the waste of judicial resources").

"Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints." *Capp*, 2010 U.S. Dist. LEXIS 66068, at *3 (citing *Johnson*, 899 F.2d at 1284; *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Similarly, "[d]ifferences in causes of action, defendants or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see also Pinkowitz v. Elan Corp.*, No. 02 Civ. 862, 2002 WL 1822118, at *3-4 (S.D.N.Y. July 29, 2002). Although the Actions involve

different numbers of Defendants, the alleged fact patterns and law in each case are substantially the same and will require similar and overlapping fact and expert testimony and evidence.

Ultimately, consolidation would facilitate a more efficient adjudication of the Actions. *See, e.g.*, *Johnson*, 899 F.2d at 1285 ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."). The Actions should therefore be consolidated under Fed. R. Civ. P. 42(a).

Should the Court order consolidation, *Piney* Plaintiffs respectfully request that the Second Amended Complaint (ECF No. 91) in the *Piney* Action be designated as the operative Complaint for the consolidated action and that, unless otherwise ordered by the Court, future filings in any related case herein consolidated shall be filed and docketed only under docket number 25-cv-00671-DEH-SLC. Indeed, all Defendants named in the *Monasar* and *DeFalco* Actions are included in, and are duplicative of, the 90 Defendants named in the *Piney* Action. Huot Decl. ¶ 17, Ex. G (*Piney* Second Amended Complaint, naming 90 Defendants). Moreover, while *Monasar*/*DeFalco*'s Counsel plagiarized *Piney* Counsel's complaint from their *Pierre* Action, they made critical errors in their hasty copy/paste operation which render their respective pleadings defective and subject to dismissal. As such, the Second Amended Complaint in the *Piney* Action should be designated as the operative Complaint for the consolidated action.

## II.  *PINEY* COUNSEL SHOULD BE APPOINTED INTERIM CLASS COUNSEL FOR PLAINTIFFS

The appointment of counsel at a relatively early stage of the litigation is in the best interests of the parties, the proposed class, and the Court. The appointment will promote judicial efficiency and help avoid uncertainty and confusion regarding who may speak for the proposed class. This is particularly important as the parties brief anticipated motion practice and engage in discovery. With those aims in mind, and for the reasons set forth herein and in the accompanying Declaration,

*Piney* Plaintiffs respectfully request the Court appoint *Piney* Counsel as Interim Class Counsel.

## A.  <u>Legal Standard</u>

Pursuant to Fed. R. Civ. P. 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y 2016) (quoting Fed. R. Civ. P. 23(g)(3)). "Designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." *Id.* (quoting *Manual for Complex Litigation* § 21.11 (4th ed. 2004)); *see also Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012). Appointment of interim class counsel also eliminates any risk that a defendant will try to pit rival class counsel against one another to the possible detriment of the class. *Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (1999) (discussing the danger of a "race to the bottom" situation).

"Candidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." *Deangelis v Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (collecting cases). Those factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). When parties on separate class matters apply for the appointment of lead counsel, the court's determination ultimately relies on the "capabilities of counsel to effectively litigate" a specific action. *See In re Comverse Tech., Inc. Deriv. Litig.,* No. 06-CV-1849, 2006 WL 3761986, at *2 n. 3 (E.D.N.Y. Sept. 22, 2006).

**B.** **_Piney_ Counsel Has Undertaken All of the Work in Identifying and Investigating the Claims of these Actions**

As detailed above, *Piney* Counsel have done extensive work in identifying, developing, and investigating the claims in these Actions and have been actively pursuing them in the *Pierre* Action for over five years now. Fed. R. Civ. P. 23(g)(1)(A)(i); Huot Decl. ¶¶ 6-12, 24-25. In addition to undertaking an extensive and ongoing investigation into misconduct surrounding the PDP and the applicable law that provides the strongest basis for recovery for the proposed class, *Piney* Counsel has been diligently and aggressively litigating the *Pierre* Action in preparation for the *Piney* Action. *Id.* Indeed, many of the Officers that are actively litigating the *Pierre* Action, and have settled identical claims there against several Defendants, also appear the *Piney* Action. *Id.* ¶ 26. To be sure, many of the putative class members in the three Actions are already *Piney* Counsel's **_current clients_**. *Id.*

*Piney* Counsel has secured extensive records and documentary evidence prior to filing the *Piney* Action and had deliberately planned a swift and focused litigation strategy for the *Piney* Action. *Id.* ¶ 12. After being made explicitly aware of the impending filing of the *Piney* Action, *Monasar/DeFalco*'s Counsel haphazardly copied *Piney* Counsel's work product and filed an anticipatory lawsuit in a transparent attempt to hijack the litigation. *Id.* ¶¶ 13-14.

*Piney* Counsel have been aggressively advancing the class and collective claims of the Officers. *Piney* Counsel's extensive activities in the *Piney* Action on behalf of the Class include, *inter alia,* the following:

- Filing non-defective class and collective claims against all 90 Defendants;

- Taking steps to secure discoverable evidence from Defendants;

- Analyzing thousands of pages of discovery, including payroll and time records;

- Conducting **_thousands_** of interviews with Officers to assess their claims and obtain details for use in the litigation;

- Obtaining critical testimony, signed statements, and declarations to be strategically used in the litigation;

- Conducting detailed damage calculations for the members of the FLSA Collective;

- Filing comprehensive motion papers pursuant to 29 U.S.C. § 216(b) seeking certification of the FLSA Collective and issuance of notices to the putative FLSA Collective members;

- Submitting motion papers to toll the statute of limitations for the putative members of the FLSA Collective in order to preserve their rights;

- Taking steps to negotiate expedited discovery with Defendants, including payroll and time records for the putative class and collective members;

- Engaging in extensive good faith discussions with Defendants' counsel with respect to prospective case management and litigation planning for all Actions;

- Conferring with Defendants' counsel about consolidation of the Actions and plans for discovery;

- Engaging in settlement discussions on behalf of the class and collective members; and

- Scheduling mediations with Defendants in the hopes of achieving early resolution for the Class.

Huot Decl. ¶ 28.

*Piney* Counsel have expended ***over 7,000 hours*** performing legal work in the identical *Pierre* Action.  *Id.* ¶ 30.  This extensive work and deep commitment to the Class has been recognized by this Court.  In the *Pierre* case, District Judge Carter commended *Piney* Counsel's "substantial experience" with such wage and hour class actions and emphasized that the "work Class Counsel has performed in both litigating and settling this case ***demonstrates their skill and commitment to representing the Class's interest.***"  *Pierre v. City of New York, et al.*, No. 20-cv-05116-ALC, ECF No. 499 at 2-3 (S.D.N.Y. Oct. 15, 2024) (emphasis added).  Judge Carter then reiterated his praise of Class Counsel's work and commitment to the Class in his order approving

12

the class and collective settlement with another vendor defendant in the *Pierre* Action (asserting

identical claims to the instant *Piney* Action), stating:

> Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the Class's claims. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

*Pierre v. City of New York, et al.*, No. 20-cv-05116-ALC, ECF No. 516 at 3 (S.D.N.Y. Nov. 15,

2024).

*Piney* Counsel have committed significant time and energy investigating, identifying, and

pursuing claims on behalf of the *Pierre* Officers, and will do the same concerning the Officers in

these Actions (many of whom are the same individuals). *Id.* ¶¶ 29-31. The depth and breadth of

their efforts confirm that they are well-suited to serve as Interim Class Counsel in this litigation.

Comparatively, Counsel in the *Monasar* and *DeFalco* Actions will struggle to demonstrate

any special or unique contributions in identifying or investigating the claims herein. Whereas

*Piney* Counsel's investigation has already resulted in highly-detailed pleadings which demonstrate

a thorough analysis and understanding of the facts and relevant documents, *Monasar/DeFalco*'s

Counsel litigation strategy appears to consist of blindly copying *Piney* Counsel's work, without

even updating factual allegations or correcting typographical errors. *Monasar/DeFalco*'s

Counsel's inexperience and lack of knowledge of applicable law is highlighted by their careless

copy/paste errors which cause them to unwittingly pursue frivolous claims that doom their

pleadings. This blatant failure to fully and competently investigate the claims of the class and

instead merely copy *Piney* Counsel's work product, is strong evidence that *Piney* Counsel is the

only counsel suited to lead this litigation.

**C.**   ___Piney___ **Counsel Has Substantial Experience Handling FLSA & NYLL Class and Collective Action Cases and Specifically Litigated Exact Claims Alleged in these Actions**

*Piney* Counsel has a wide range of "experience in handling class actions, other complex litigation, and the types of claims asserted in the action[.]"  Fed. R. Civ. P. 23(g)(1)(A)(ii); *see also Manual for Complex Litigation* § 10.224 (court should assess "qualifications, functions, organization, and compensation of designated counsel" and "whether the arrangements for coordination among counsel are fair, reasonable, and efficient.").  *Piney* Counsel is frequently appointed to leadership roles in complex class action cases in this District.  *E.g., Potzner v. Tommie Copper Inc.*, No. 15 CIV. 3183 (AT), 2016 WL 304746, at *1 (S.D.N.Y. Jan. 4, 2016) (Torres, J.) (appointing Faruqi & Faruqi, LLP as interim class counsel and noting that they have substantial experience in litigating complex class actions and have the resources necessary to represent the class.).  Indeed, *Piney* Counsel has recovered millions of dollars pursuing ___these exact same claims___ in the *Pierre* Action against the NYPD and other Vendors, demonstrating their unique and unparalleled expertise and knowledge of the Defendants in this case, their anticipated defenses and litigation strategy, and ability to achieve success for the class here.

As further detailed in the Huot Declaration, *Piney* Counsel has extensive experience litigating specifically class and collective action cases under the FLSA and related state wage and hour laws, generating millions of dollars in settlements and verdicts for their clients.  Huot Decl. ¶ 5.  Some of *Piney* Counsel's recent public recoveries from just the last five years, include the following:

- *Pierre v. City of New York, et al.* (B&H Foto), No. 20-cv-05116-ALC, ECF No. 516 (S.D.N.Y. Nov. 15, 2024) ($650,000 class and collective action settlement of FLSA and NYLL claims identical to those being raised in the current *Piney* case).

- *Pierre v. City of New York, et al.* (TD Bank), No. 20-cv-05116-ALC, ECF No. 499 (S.D.N.Y. Oct. 15, 2024) ($8,930,186.41 class and collective action settlement of FLSA and NYLL claims identical to those being raised in the current *Piney* case).

- *Ruderman v. Law Office of Yuriy Prakhin, et al.*, 19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y. Feb. 24, 2023) ($1,735,000, plus interest, jury verdict for the plaintiff after a two-week trial against employer);

- *Conte, et al. v. Metro. Transp. Auth., et al.*, 21-cv-02516-VEC (S.D.N.Y. Sept. 14, 2023) ($2.9 million collective action settlement of FLSA claims for late payment of wages and overtime).

- *Mercado, et al. v. Metro. Transp. Auth., et al.*, 20-cv-06533-AT (S.D.N.Y. July 5, 2023) ($7.25 million settlement on behalf of an FLSA collective of law enforcement officers for late payment of wages and overtime);

- *Goins v. BB&T Sec., LLC, et al.*, 1:20-cv-09891-PGG-JLC (S.D.N.Y. Jan. 6, 2022) ($500,000 settlement of FLSA, NYLL, NYCHRL, and NYSHRL claims);

- *Feliciano, et al. v. Metro. Transp. Auth., et al.*, 18-cv-00026-VSB (S.D.N.Y. May 6, 2020) ($5.4 million settlement on behalf of an FLSA collective of Sergeants and Lieutenants for late payment of wages and overtime);

- *Hall v. J. Caiazzo Plumbing & Heating Corp. et al.*, 1:21-cv-05416-ENV-SJB (E.D.N.Y. Sept. 28, 2021) ($110,000 collective action settlement for wage and hour claims);

- *Molina, et al. v. Huaxcuaxtla Rest. Corp., et al.*, 1:20-cv-02481-RWL (S.D.N.Y. Feb. 25, 2021) ($160,000 collective action settlement of minimum wage and overtime claims);

- *Sanchez, et al. v. Stonehouse Rest LLC, et al.*, 1:18-cv-01397-ST (E.D.N.Y. Feb. 4, 2021) ($425,000 settlement for unpaid wages and overtime on behalf of restaurant workers);

- *Kuznetsov, et al. v. Bravura Glass and Mirror Corp., et al.*, 1:20-cv-00726-LB (E.D.N.Y. Dec. 23, 2020) ($135,000 settlement of FLSA and NYLL overtime claims);

- *Ackerman v. N.Y. Hosp. Med. Ctr. of Queens*, 702965/2013, NYSCEF Nos. 70 at 1-3; 80 (N.Y. Sup., Queens Cty. June 24, 2020) ($550,000 class action settlement for unpaid wages);

- *Reeves, et al. v. La Pecora Bianca, Inc, et al.*, 151153/2018 (N.Y. Sup. Ct., June 11, 2020) ($462,500 class action settlement for wage-and-hour claims);

- *Porrini v. McRizz, LLC, et al.*, 2:19-cv-03979(ARR)(RML) (E.D.N.Y. Aug. 16, 2022) ($260,000 settlement of minimum wage and overtime claims);

In addition, as noted above, many of the attorneys and law firms representing Defendants in the current three Actions are the same attorneys and law firms that *Piney* Counsel has been

15

litigating with in the *Pierre* Action for the last five years. Huot Decl. ¶ 11. Much of the discovery that will be at issue in the instant Actions will be functionally identical to the types of documents *Piney* Counsel has already spent years analyzing. *Id.* ¶ 25. The methodology of calculating damages and assessing viability of claims is identical. *Id.* *Piney* Counsel even expects to depose some of the same individuals they are already familiar with through discovery in the *Pierre* Action. *Id.* Further, it is likely that Defendants' anticipated defenses and their litigation defense strategy will be similar, if not identical, to what *Piney* Counsel has been successfully combating in the *Pierre* Action for the last five years. *Id.*

Comparatively, Counsel in the *Monasar* and *DeFalco* Actions objectively lack any meaningful experience in litigating the claims herein. Indeed, aside from the copycat cases they recently filed,[4] copying *Piney* Counsel's work, they do not appear to have successfully litigated or resolved ***any*** FLSA or NYLL Class or Collective actions ***within the last five years***. Indeed, a detailed review of the Federal and State courts dockets for *Monasar/DeFalco's* Counsel, reveals as follows:

- John A. Scola, does not appear to have ***ever*** litigated or resolved ***any*** FLSA claims, whether on an individual or collective basis;

- Megan S. Goddard, describes herself as an "employment discrimination attorney" and does not appear to have ***ever*** litigated an FLSA collective action while at her firm, Goddard Law PLLC.[5] The most recent collective action Ms. Goddard appears to have handled was almost 10 years ago when she was at a different law firm. *See Benzinger v. Lukoil Pan Americas, LLC*, No. 1:16-cv-08533-PAE (S.D.N.Y. Nov. 2, 2016). However, while this case was initially filed as a putative collective action, it was litigated and resolved on an individual basis for only the named plaintiff. *Id.* at ECF No. 130 at 1 ("Under the Agreement, defendants agree to pay $54,209.60 to plaintiff, and $30,790.40 in attorneys' fees and costs to plaintiff's attorney, Nesenoff &

---

[4] The copycat cases are the *Monasar* and *DeFalco* Actions as well as a third copycat case that was recently filed by *Monasar/DeFalco's* Counsel in the Eastern District of New York (*Whitely et al v. City of New York*, No. 1:25-cv-00750 (E.D.N.Y. Feb 10, 2025)), which is also a blatant reproduction of *Piney* Counsel's work.
[5] *See* https://www.goddardlawnyc.com/the-team, last accessed on February 28, 2025.

Miltenberg, LLP."); and

- Nathaniel K. Charny, does not appear to have litigated or resolved **_any_** FLSA case within the last five years. The most recent class or collective case handled by Mr. Charney, *Hedges, et al. v. United Parcel Service of America, Inc.*, Docket No. 1:20-cv-00870-BMC (E.D.N.Y. Feb 18, 2020), was dismissed after defendants successfully moved to compel individual arbitration. *Id*. at ECF No. 21 at 9 ("[d]efendant's . . . motion to compel individual arbitration is granted").

While *Monasar/DeFalco's* Counsel lack any meaningful experience litigating class or collective action cases, *Piney* Counsel specialize in such litigation and have particularized expertise with the precise issues that will confront the class here. Accordingly, *Piney* Counsel are best suited to lead this litigation.

### D.    _Piney_ **Counsel Have Expert Knowledge of Applicable Law**

*Piney* Counsel have deep "knowledge of applicable law." Rule 23(g)(1)(A)(iii); *see also Manual for Complex Litigation* § 10.224 (courts should assess "would-be designated attorneys' competence for assignments[.]"). *Piney* Counsel have spent years researching, analyzing, and heavily briefing detailed aspects of the applicable laws at issue herein and vigorously arguing them in the *Pierre* Action. Further, the *Pierre* Court has recognized that *Piney* Counsel have "substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law." *Pierre v. City of New York, et al.*, No. 20-cv-05116-ALC, ECF No. 516 at 3 (S.D.N.Y. Nov. 15, 2024). In addition, as reviewed in Section 2(C) *supra*, *Piney* Counsel have a demonstrated record of obtaining substantial recoveries in FLSA and NYLL class and collective actions broadly.

Comparatively, as reviewed above, it appears that *Monasar/DeFalco's* Counsel lack any meaningful experience litigating class or collective action claims generally, much less handling the specific claims or unusual issues confronting the class here. Instead, *Monasar/DeFalco's* Counsel have merely copied *Piney* Counsel's pleading in the *Pierre* Action to pursue claims

17

without the capabilities, experience, or knowledge necessary to effectively litigate them. On the other hand, *Piney* Counsel have demonstrated capabilities, experience, and extensive knowledge of the laws applicable to this case and should be appointed as Interim Class Counsel.

### E.  *Piney* **Counsel Have Committed and Will Continue to Commit Considerable Resources to Represent the Officers and the Class**

Given that these Actions are litigated on a contingent basis, it is particularly important that counsel have the deepest and broadest possible resources, especially because the class will be litigating against some of the largest and most well-funded companies in the world, represented by top-flight law firms. *Piney* Counsel "will commit" – and has already committed – considerable "resources" in "representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv); *see also Manual for Complex Litigation* § 10.224 (court should assess "the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks"). *Piney* Counsel have the necessary roster of talented attorneys and capable professional staff, and the monetary resources, to advance the class's interests efficiently and aggressively and to pursue all necessary avenues of discovery. Huot Decl. ¶¶ 27, 29-31; Ex. E (Firm Resume). As this Court has noted in other cases, *Piney* Counsel certainly have the resources necessary to litigate this case. *Potzner*, 2016 WL 304746, at *1 (Torres, J.).

Indeed, *Piney* Counsel have shown time and again the ability and willingness to spend the time and money to commit a roster of talented attorneys and capable professional staff, and to litigate complex class and collective action cases efficiently and aggressively. Huot Decl. ¶¶ 5; Ex. E. In fact, *Piney* Counsel has proven their willingness and ability to commit significant resources in the *Pierre* Action. In the *Pierre* Action, *Piney* Counsel advanced over $100,000 in costs and expended well over 7,000 hours on work (amounting to a lodestar of well over $3.5 million). Huot Decl. ¶ 30. *Piney* Counsel aggressively litigated and continues to litigate the *Pierre*

Action, advancing all costs and undertaking all expenses, time, risk, and resources on a fully contingency-fee basis. *Id.* The *Piney* Action and the related *Monasar* and *DeFalco* Actions will likely require counsel to expend millions of dollars in expenses and attorney time in organizing and preparing such a complex and far-reaching case for trial, a task *Piney* Counsel is amply prepared for.

Just as in the *Pierre* Action, *Piney* Counsel are representing many of the same Officers here on a fully contingency fee basis, against many of the same defense attorneys. *Id.* at ¶ 31. *Piney* Counsel will again advance all costs and expenses and are fully committed to aggressively driving the litigation of the three Actions on a fully contingency fee basis. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Consolidation and Appointment of Interim Class Counsel and: (i) consolidate the Actions; (ii) appoint Faruqi & Faruqi, LLP as Interim Class Counsel; and (iii) grant such further relief as it deems appropriate.

Dated: February 28, 2025               Respectfully submitted,
     New York, New York

                                  *s/ Innessa Huot*
                              Innessa M. Huot
                              **FARUQI & FARUQI, LLP**
                              685 Third Avenue
                              New York, New York 10017
                              (212) 983-9330

                              *Attorneys for Plaintiff, the FLSA*
                              *Collective, and the proposed Class*