UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED MONASAR, et al.,

                Plaintiffs,

-v-                                    CIVIL ACTION NO.: 25 Civ. 1337 (DEH) (SLC)

CITY OF NEW YORK et al.,                    **ORDER**

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

On March 3, 2025, following a determination that it is related to Piney, et al. v. City of New York, et al., 25 Civ. 671 (S.D.N.Y.) ("Piney"), this action was reassigned to the Honorable Dale E. Ho (see ECF min. entry Mar. 3, 2025), who in turn referred it to the undersigned for general pretrial management. (ECF No. 58). Several motions are currently pending, including a Motion for Conditional Collective Certification (ECF No. 8 (the "Collective Motion")); a Letter-Motion to Stay All Proceedings and Deadlines as to Defendant Target Corporation ("Target") (ECF No. 35); a Motion for Consolidation and Appointment as Interim Class Counsel filed by counsel for the Piney Plaintiffs (ECF No. 36 (the "Consolidation Motion")); a Letter-Motion for Extension of Time to Answer the Complaint filed by Defendant Barclays Bank PLC ("Barclays") (ECF No. 46); a Letter-Motion to Stay Briefing as to the Collective Motion filed by Defendant City of New York (the "City") (ECF No. 48); and a Letter-Motion for Extension of Time to Respond to the Consolidation Motion filed by Barclays (ECF No. 52).

Today, March 14, 2025, counsel for Plaintiffs in this action filed a letter consenting to the relief requested in the Consolidation Motion—that is, that this action, Piney, and DeFalco, et al.

v. City of New York, et al., No. 25 Civ. 1339 (S.D.N.Y.) ("DeFalco") be consolidated and that counsel for the Piney Plaintiffs be appointed interim class counsel. (See ECF No. 59). As explained in an Order issued in Piney, however, the Court declines to deny Defendants the opportunity to respond to the Consolidation Motion before ruling on it. In addition, because this action, Piney, and DeFalco are each a subject of the Consolidation Motion, the Court elects to align the briefing deadlines in each action. Finally, because any ruling on the Consolidation Motion may alter who is a subject of the Collective Motion, the Court HOLDS IN ABEYANCE the briefing deadlines as to the Collective Motion. After the Court rules on the Consolidation Motion, it will hold a conference with the parties to discuss the Collective Motion, whether Plaintiffs will need to amend it, and to determine an appropriate schedule for briefing and any discovery necessary to allow a final ruling. See Genxiang Zhang v. Hiro Sushi at Ollie's Inc., No. 17 Civ. 7066 (DF), 2019 WL 699179, at *5 (S.D.N.Y. Feb. 5, 2019) ("After discovery is complete, the court will evaluate the full record before it, in order to determine whether the opt-in plaintiffs are, in fact, similarly situated.").

Accordingly, and in line with the schedule previously set in Piney, the Court orders as follows:

1. By **Tuesday, April 1, 2025**, ALL DEFENDANTS shall answer, move against, or otherwise oppose the Complaint. Accordingly, Target's Letter-Motion at ECF No. 35 is DENIED IN PART, and Barclays' Letter-Motion for Extension at ECF No. 46 is GRANTED.

2. By **Friday, May 16, 2025**, ALL DEFENDANTS shall file any response to the Consolidation Motion. By **Friday, May 30, 2025**, counsel for Plaintiffs and the Piney Plaintiffs shall file any reply in support of the Consolidation Motion. Accordingly, Target's Letter-

2

Motion at ECF No. 35 is DENIED IN PART and Barclays' Letter-Motion for Extension at ECF No. 52 is GRANTED.

3. All deadlines with respect to the Collective Motion are HELD IN ABEYANCE pending a decision as to the Consolidation Motion. Accordingly, Target's Letter-Motion at ECF No. 35 and the City's Letter-Motion for Extension at ECF No. 48 are GRANTED IN PART.

The Clerk of Court is respectfully directed to close ECF Nos. 35, 46, 48, and 52.

Dated:   New York, New York
         March 14, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3